IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY B. GENTRY,

                         Petitioner,

  v.                                                   OPINION and ORDER

STATE OF WISCONSIN,                           21-cv-325-jdp

                         Respondent.

---

      Timothy B. Gentry has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2017 convictions in state court for first-degree sexual assault of a child. The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 cases. Rule 4 requires me to examine the petition and supporting exhibits and dismiss the petition if it plainly appears that Gentry is not entitled to relief. *See also* 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted unless application makes it clear that petitioner is not entitled to relief).

      Gentry's petition appears to be timely. He raises three grounds for relief: (1) the circuit court improperly excluded exculpatory evidence of the complaining witness's prior sexual conduct; (2) his trial counsel was constitutionally ineffective for failing to object that the jury pool included only white members; and (3) the complaining witness gave fabricated testimony during her trial that was inconsistent with her prior out-of-court statements.

      Gentry must exhaust his state-court remedies before pursuing habeas relief under § 2254, which requires him to present his claims through "at least one complete round of state-court review." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). A "complete round of state-court review" means that Gentry must assert his claims "at each and every level in the

state court system, including levels at which review is discretionary rather than mandatory." *Id.* Gentry says that he exhausted the first ground in state court, and it appears from the state-court documents he submits in support of his petition that he did so, *see* Dkt. 1-2 and Dkt. 1-3. Gentry says that he didn't raise his second or third grounds on appeal because his appellate counsel declined to raise the issues.

I do not need to determine whether Gentry exhausted his second ground because it plainly does not entitle Gentry to relief. In that ground, Gentry contends that his rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated because of the all-white jury pool in his trial. But "the Constitution does not entitle a defendant to a [jury pool] of any particular racial makeup." *United States v. Adkinson*, 916 F.3d 605, 609 (7th Cir. 2019). So Gentry may not proceed on this claim.

As for Gentry's third ground, he says that his trial counsel filed a motion in limine regarding the complaining witness's conflicting testimony and filed a motion regarding the testimony at trial. But he also says that his appellate counsel refused his request to raise the issue on appeal. Construing Gentry's pro se petition generously, I infer that he contends that his appellate counsel was ineffective for failing to raise the issue.

It's possible, in some circumstances, for a habeas petitioner to bring an ineffective-assistance claim as a way to preserve his underlying claim. *Malone v. Walls*, 538 F.3d 744, 755 (7th Cir. 2008). In other words, even if Gentry did not raise his third ground on appeal, he could potentially have preserved the claim by contending that his appellate counsel was ineffective for failing to raise the issue. But like any other claim in a habeas petition, a claim of ineffective assistance of counsel must also be exhausted through a full round of state-court review to give the state courts a meaningful opportunity to correct any mistakes. *Bolton v.*

*Akpore*, 730 F.3d 685, 694 (7th Cir. 2013); *see also* 28 U.S.C. § 2254(b)(1). Under Wisconsin law, the proper way to raise a claim of ineffective assistance of appellate counsel is by filing a motion under Wisconsin Statute § 974.06, the state-court equivalent of a petition for habeas corpus. Those motions, when focused on ineffective assistance of appellate counsel, are more commonly known as "*Knight* petitions," after *State v. Knight*, 168 Wis. 2d 509, 484 N.W. 2d 540 (1992).

Gentry does not say that he filed a *Knight* petition, and a search of the state's electronic case-management system indicates that did not file one within his deadline to do so. So I conclude that he has procedurally defaulted on his third claim by failing to exhaust it in state court. This means that I cannot consider Gentry's third ground unless he can show cause and prejudice for his failure to exhaust his claims, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), or show that dismissal would result in a fundamental miscarriage of justice, *Schlup v. Delo*, 513 U.S. 298, 315 (1995). To meet the "cause" exception, a petitioner must show that there was "some objective factor external to the defense" that prevented him from pursuing his claim in state court. *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). Such an objective factor might include "interference by officials or that the factual or legal basis for a claim was not reasonably available to counsel," among other reasons. *Id.* To show that dismissal of the claim would result in a fundamental miscarriage of justice, a petitioner must show that in light of new evidence not presented at trial, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 315; *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016).

I conclude that Gentry may proceed on his first ground and that his second ground plainly does not entitle him to relief. But I will stay service of Gentry's petition on respondent

and direct Gentry to respond to this order showing cause why I should not dismiss his third ground (that his appellate counsel was ineffective for failing to raise the issue of the complaining witness's inconsistent testimony) for Gentry's failure to exhaust the claim in state court. Gentry may accomplish this by showing that (1) some objective factor external to the defense prevented him from raising the claim in state court; or (2) no reasonable juror would have convicted him in light of new evidence that was not presented at trial. If Gentry fails to show that he is entitled one of these exceptions, I will dismiss his third claim before ordering service of Gentry's petition on respondent.

ORDER

IT IS ORDERED that petitioner Timothy B. Gentry may have until August 26, 2021, to respond to this order and show cause why his third ground for relief should not be dismissed.

Entered August 4, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge